# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-3228
_____

United States of America,          *
                                   *
            Plaintiff -            *
            Appellant,             *
                                   * Appeal from the United States
     v.                            * District Court for the Eastern
                                   * District of Missouri
Michael Eugene Pharis, Sr.,        *
                                   *
            Defendant -            *
            Appellee.              *

_____

Submitted:  March 9, 1999

Filed:  May 3, 1999
_____

Before McMILLIAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
     SACHS,[1] District Judge.

_____

SACHS, District Judge.


     Michael Eugene Pharis was charged with and pleaded guilty to
two counts of interstate distribution of child pornography in
violation of 18 U.S.C. § 2252(a)(1) and (2), and to one count of
possession of child pornography in violation of 18 U.S.C.

_____

[1]The Honorable Howard F. Sachs, United States District Judge
for the Western District of Missouri, sitting by designation.

§ 2252(a)(4)(B). The district court[2] sentenced Pharis to 57 months in prison. The United States appeals Pharis' sentence, claiming inadequacy because it resulted from an incorrect application of the United States Sentencing Guidelines ("U.S.S.G."). We have jurisdiction under 18 U.S.C. § 3742(b), and we affirm.

## I. BACKGROUND

Pharis, a 39-year-old man living in Georgia, in early 1998 engaged in communications over the Internet with a person he believed to be a 13-year-old girl named Wendy. He transferred via the Internet to "Wendy" multiple depictions of child pornography, described his prior sexual contacts with girls under the age of twelve, and eventually arranged to meet "Wendy" at her home near St. Louis, Missouri, presumably to have sexual relations with her and to photograph her.[3] "Wendy" was in fact not a 13-year-old girl, but rather two persons; first, an adult male investigator with the Missouri Department of Social Services and, later, an adult female Maryland Heights, Missouri, police officer. Pharis was arrested when he reached what he believed to be "Wendy's" house. Police officers seized Pharis' computer and found numerous files containing child pornography.

Pharis was indicted on two counts of distribution of child pornography and one count of possession. He pleaded guilty to all three counts. The district court determined Pharis' offense level to be 22, pursuant to U.S.S.G. § 2G2.2. With Pharis' criminal history category of II, that determination resulted in a sentencing

---

[2]The Honorable Donald B. Stohr, United States District Judge for the Eastern District of Missouri.

[3]Found in Pharis' car were items such as baby oil, condoms, and a Polaroid camera with five rolls of film.

range of 46 to 57 months in prison.  The district court sentenced Pharis to 57 months.

The United States sought a two-level increase under U.S.S.G. § 3B1.4 because, in its view, Pharis "used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense." The United States also sought a five-level increase pursuant to U.S.S.G. § 2G2.2(b)(4), which applies where "the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor."  The district court denied both requests for upward adjustment of the offense level, concluding that the respective sections of the Sentencing Guidelines did not apply.  We review the district court's interpretation and application of the Sentencing Guidelines de novo.  <u>United States v. Akbani</u>, 151 F.3d 774, 777 (8th Cir. 1998).

## II.  DISCUSSION

### A.

The United States first appeals the district court's denial of the two-level increase in offense level under U.S.S.G. § 3B1.4.  It contends that since Pharis believed that he was transferring child pornography to a 13-year-old girl, and since he instructed her not to tell her parents, that he "attempted to use a person less than eighteen years of age. . . ."  Pharis, on the other hand, contends that since the person Pharis in fact attempted to use was not less than 18 years old, this section is inapplicable.  Moreover there was no real child to be victimized.

There is a patent ambiguity in the "attempted to use a [minor]" language of this section of the Sentencing Guidelines. The Government contends the defendant's abstract intention is sufficient; Pharis contends the reference must be to an actual person who meets the description.  Either reading of the section is

-3-

plausible.  Where ambiguities such as this exist, the rule of lenity dictates that the ambiguity be resolved in favor of the defendant.  Bell v. United States, 349 U.S. 81, 83 (1955); United States v. Lazaro-Guadarrama, 71 F.3d 1419, 1421 (8th Cir. 1995) (ambiguity in Sentencing Guidelines); United States v. Jones, 908 F.2d 365, 367 (8th Cir. 1990) (same).  Thus, the district court was correct in finding § 3B1.4 inapplicable and denying the two-level increase.

The United States claims that this result fails to account for all of the harm potentially resulting from Pharis' conduct.  While Pharis intended that the pornographic material he transferred be received by a minor, his sentence is no different than that of a person who had intended to transfer the material to another adult.  If the district court had found that the Sentencing Commission did not adequately take this circumstance into account in formulating the Sentencing Guidelines, it could have considered an upward departure.  Jones, 908 F.2d at 367.  The United States did not request an upward departure on this ground, and thus no upward departure was considered on this basis.[4]

**B.**

The Government also challenges the trial court's denial of a five-level increase in offense level based upon a finding that § 2G2.2(b)(4) was inapplicable to Pharis.  It contended that Pharis' prior conduct constituted a "pattern of activity involving the sexual abuse or exploitation of a minor."  (emphasis added) Pharis was convicted in state court in 1981 of four misdemeanor counts of making obscene telephone calls to young girls, and was convicted in state court in 1982 for felony "child molestation"

---

[4]The Government also has ready access to the Commission if a more severe clarifying amendment is desired.

-4-

involving Pharis' exposure of his genital area to three female children on separate occasions.

Application Note 1 corresponding to U.S.S.G. § 2G2.2(b)(4) provides as follows:

> "Sexual abuse or exploitation" means conduct constituting criminal sexual abuse of a minor, sexual exploitation of a minor, abusive sexual contact of a minor, any similar offense under state law, or an attempt or conspiracy to commit any of the above offenses. "Sexual abuse or exploitation" does not include trafficking in material relating to the sexual abuse or exploitation of a minor.

This definition tracks the titles of the federal offenses in 18 U.S.C. §§ 2241-46, and 18 U.S.C. § 2251. All of these offenses involve either physical sexual contact with children (see 18 U.S.C. §§ 2241-46) or the creation of child pornography (18 U.S.C. § 2251), neither of which occurred in the course of Pharis' prior conduct leading to these convictions. While the Application Note allows consideration of "similar offenses under state law," we conclude that the reference must be to offenses of substantially the same magnitude or severity. Sexual abuse or exploitation in some manner rather than sexual harassment is required, in our judgment, to establish similarity. Therefore, even though Pharis' 1982 convictions bore the label of "child molestation," which by its title might appear to be similar to "sexual abuse or exploitation," there was no physical sexual contact with any children, nor was there any use of minors in an obscene or pornographic manner. We agree with the district court's appraisal that the § 2G2.2(b)(4) enhancement was inapplicable.

Again, the United States claims that this application of the Sentencing Guidelines fails to consider all of the potential harm of Pharis' conduct; he was sentenced as if he had never been convicted of any previous offenses involving sexual conduct directed toward minors. We are aware of the considerable public

concern that sexual predators endanger society and of a corresponding desire that a substantial period of imprisonment be used to incapacitate recidivists. This doubtless motivates the double counting of criminal history in cases where there is a background of sexual abuse or exploitation of minors.[5] The five-point enhancement prescribed by the Sentencing Commission would, however, add some 40 months to the maximum recommended prison time. If public policy would be advanced by a special enhancement for the danger of recidivism posed by this record of obscene telephone calls and indecent exposure in the early 1980s, we believe the district court's departure powers and the Sentencing Commission's authority to prescribe an intermediate form of enhancement, fewer than the five points now prescribed when there is an exploitation history, may well be adequate in cases like this one. We further note the availability of state law prosecutions.

We conclude there was no error in the district court's application of the Sentencing Guidelines. Accordingly, the 57-month sentence is legally sound, and the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

---

[5]Both the offense level and the criminal history category will be affected, in an appropriate case, by a defendant's convictions of specified crimes.