# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1888

———————

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　Plaintiff-Appellee,　　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　　*　District Court for the District
　　　　　　　　　　　　　　　　　　*　of North Dakota.
Douglas Eugene Gleich,　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　Defendant-Appellant.　　　*

———————

Submitted: December 14, 2004
Filed: February 8, 2005

———————

Before BYE, HANSEN, and GRUENDER, Circuit Judges.

———————

BYE, Circuit Judge.

Douglas Eugene Gleich entered a conditional plea of guilty to the offenses of receipt of material involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(2); and possession of material involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(4)(B). Gleich conditioned his guilty plea on the ability to appeal the district court's denial of his motion to suppress and all sentencing issues. We affirm the denial of the motion to suppress, but we vacate his sentence and remand for resentencing.

# I

On February 6, 2003, Agent Phil Pfennig of the North Dakota Bureau of Criminal Investigation (BCI) interviewed a twelve-year-old male child who complained Gleich had sexually assaulted him, photographed him in a sexually explicit pose and exposed him to pornographic images of children on his computer and in magazines. Armed with this information, Agent Pfennig secured Gleich's residence while he sought and obtained a search warrant. The search warrant, dated February 6, 2003, permitted the search of Gleich's home and personal computer for child pornography and objects which may contain child pornography. Upon completing the search, the BCI seized three computers, a number of computer diskettes, and found, but did not seize, a digital camera.

Agent Pfennig delivered the seized items to Agent Tim Erickson for forensic examination, who examined the image files on all three seized computers. After conducting an examination of the images, he noticed the recovered photos appeared to be taken with a digital camera. He advised Agent Pfennig, if a camera were analyzed, the BCI lab could determine whether a specific image was taken with a specific camera. Agent Pfennig next applied for and obtained a second search warrant, dated February 13, 2004, for the purposes of searching for and seizing the digital camera discovered in the earlier search.

Subsequently, on February 18, 2003, Erickson informed Pfennig that, while conducting a forensic examination of the computers for evidence of sex crimes against the complainant minor child, he had fortuitously discovered images of child pornography unrelated to the offense under investigation. Apparently to avoid running afoul the Fourth Amendment, Erickson suspended his forensic examination while Pfennig applied for and obtained a third search warrant for purposes of expanding the search of Gleich's computers for evidence of child pornography unrelated to the complainant minor child. The expanded forensic examination of

Gleich's computers resulted in numerous images of child pornography. The investigation also uncovered evidence of Gleich having photographed the complainant minor child in a "mooning" position.

A federal grand jury indicted Gleich on sexual exploitation of minors, in violation of 18 U.S.C. § 2251(a) & (c) (Count One); receipt of material involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(2) & (b)(1) (Count Two); possession of material involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(4)(b) (Count Three); and enticing a minor via the Internet, in violation of 18 U.S.C. § 2422(b) (Count Four).

Gleich filed a motion to suppress the evidence seized in the searches claiming the first and third warrants were overbroad; the second warrant was issued without probable cause; and Agent Pfennig made false or reckless statements in the application for the third warrant. After the district court denied the motion to suppress, Gleich entered a conditional guilty plea on Count Two and Count Three allowing him to appeal the denial of his suppression motion as well as any sentencing issues.

The district court sentenced Gleich pursuant to United States Sentencing Guideline (U.S.S.G.) § 2G2.2 (2002), the proper guideline for offenses falling within Title 18, § 2252 of the United States Code. The base offense level under § 2G2.2 is seventeen. An individual with an offense level of seventeen and a criminal history similar to that of Gleich's (Category I) should receive a sentence between twenty-four and thirty months. The district court, however, added several enhancements to Gleich's base offense level, including: a two-level enhancement based on § 2G2.2(b)(1) for material involving a prepubescent minor under the age of twelve years; a five-level enhancement based on § 2G2.2(b)(2)(B) for distribution or the receipt, or expected receipt, of a thing of value; and a two-level enhancement based on § 2G2.2(b)(5) for using a computer for the transmission, receipt or distribution of

the material. The district court also added, over Gleich's objection, a five-level enhancement based on § 2G2.2(b)(4) for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor. After figuring in a three-level decrease under § 3E1.1 for acceptance of responsibility, the resulting guideline range was seventy-eight to ninety-seven months. Following the imposition of a ninety-seven month sentence, Gleich appealed asserting the district court erred in denying his motion to suppress and in enhancing his sentence five levels pursuant to § 2G2.2(b)(4).[1]

II

We begin with discussion of the search and seizure issues. The Fourth Amendment requires a search warrant to be based upon probable cause, supported by oath, and to describe particularly the place to be searched and items to be seized. U.S. Const. amend. IV.; United States v. Thomas, 263 F.3d 805, 807 (8th Cir. 2001). Gleich alleges the first and third search warrants did not particularly describe which files within the computers were to be searched and seized. To satisfy the particularity requirement of the Fourth Amendment, the items to be seized and the places to be searched must be described with sufficient particularity as to enable the searcher to locate and identify the places and items with reasonable effort and to avoid mistakenly searching the wrong places or seizing the wrong items. Thomas, 263 F.3d at 807 (citing United States v. Gitcho, 601 F.2d 369, 371 (8th Cir. 1979)).

---

[1]On appeal, Gleich also asserts a "Blakely" claim. Blakely v. Washington, 125 S.Ct. 21 (2004). We do not address the merits of Gleich's arguments because many were addressed by the Supreme Court in United States v. Booker, 534 U.S. __ (2005) and we conclude our remand moots the remainder.

The first warrant identified the computer files to be searched as those, among other things, that could contain "photographs, pictures, visual representations or videos in any form that include sexual conduct by a minor, as defined by N.D.C.C. § 12.1-27.2-04."[2] The third warrant described the items to be searched for as "photographs, pictures, visual representations, or videos in any form that include sexual conduct by a minor, as defined by N.D.C.C. 12.1-27.2-01(1) and/or (4), or children posing for a camera."[3] We find the first and third warrants sufficiently satisfy the particularity requirement because the language contained within the warrants sufficiently limit the BCI's search to the items specifically prohibited by statute. United States v. Koelling, 992 F.2d 817, 821 (8th Cir. 1993). These descriptions adequately allowed the police to avoid searching and seizing the wrong items. Thus, the district court correctly denied the motion to suppress on the overbroadness grounds advanced by the defendant.

Next, Gleich contends the first search warrant authorized the search and seizure of only one computer, thus the BCI exceeded the scope of the warrant by searching and seizing three computers. As the district court stated, the defendant's reading of the warrant is nonsensical. The search warrant authorized the search of his home and

---

[2]Section 12.1-27.2-04 of the North Dakota Century Code states "[a] person is guilty of a class C felony if, knowing the character and content of a performance, that person produces, directs, or promotes any performance which includes sexual conduct by a person who was a minor at the time of the performance."

[3]Section 12.1-27.2-01(1) of the North Dakota Century Code defines "obscene sexual performance" as "any performance which includes sexual conduct by a minor in any obscene material or obscene performance, as defined in section 12.1-27.1-01."

Section 12.1-27.2-01(4) of the North Dakota Century Code defines "sexual conduct" as the "actual or simulated sexual intercourse, sodomy, sexual bestiality, masturbation, sadomasochistic abuse, or lewd exhibition of the genitals, including the further definitions of sodomy and sadomasochistic abuse under section 12.1-27.1-01."

personal computer for evidence containing "photographs, pictures, visual representations or videos in any form that include sexual conduct by a minor, as defined by N.D.C.C. § 12.1-27.2-04." This warrant plainly authorized the search and seizure of anything within his home which could contain evidence of the conduct prohibited by statute. In the search of the home, the BCI discovered, seized and searched three computers along with a number of computer diskettes, each of which could independently contain evidence of prohibited conduct. Thus, the district court correctly denied the defendant's motion to suppress based on his asserted grounds of the BCI exceeding the scope of the warrant.

Gleich further argues the BCI did not have probable cause sufficient to support the issuance of the second warrant. He contends there was no connection between the pictures and the digital camera, and if anything, the seven days which had passed made the knowledge of the digital camera observed at the scene stale. Probable cause exists where there is a fair probability that contraband or evidence of a crime will be found in particular place. United States v. Oropesa, 316 F.3d 762, 768 (8th Cir. 2003). A totality of the circumstances test is used to determine whether probable cause exists. Id. Courts should apply a common sense approach and, considering all relevant circumstances, determine whether probable cause exists. United States v. Buchanan, 167 F.3d 1207, 1211 (8th Cir. 1999). A district court's decision on probable cause is reviewed under a clearly erroneous standard and substantial deference is granted to the issuing judge. United States v. Bieri, 21 F.3d 811, 815 (8th Cir. 1994).

Once more, Gleich's argument is nonsensical. Agent Pfennig in his affidavit stated the photographs found on the computer appeared to be taken with a digital camera. The affidavit also stated, if a camera were analyzed, the BCI lab could determine whether a specific image was taken with a specific camera. Pfennig and

other BCI agents saw a digital camera during the first search. This information provided probable cause.

The staleness argument is also meritless. There is no specific formula for determining when information has become stale. United States v. Horn, 187 F.3d 781, 785 (8th Cir. 1999). "The timeliness of the information supplied in an affidavit depends on the circumstances of the case, including the nature of the crime under investigation; the lapse of time is least important when the suspected criminal activity is continuing in nature and when the property is not likely to be destroyed or dissipated." Id. "[T]he vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of the facts supplied and the issuance of the affidavit." Koelling, 992 F.2d at 822. "Time factors must be examined in the context of a specific case and the nature of the crime under investigation." Id. Here, a mere seven days had passed since the execution of the first warrant. In seven days, the defendant would be unlikely to dispose of a tool as expensive as a digital camera. It was therefore highly probable the camera remained in the residence where it had been spotted only days before.

Finally, Gleich argues Agent Pfennig made false and reckless statements in support of his application for the third warrant. A search warrant may be deemed invalid if the issuing judicial officer's probable cause determination was based upon an affidavit containing a deliberate or reckless falsehood. United States v. Box, 193 F.3d 1032, 1034 (8th Cir. 1999) (citing Franks v. Delaware, 438 U.S. 154, 171 (1978)). A defendant challenging such a warrant must make a substantial preliminary showing that the false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit. Id. at 1034-35. If the defendant can make such a showing, and if the alleged false statement forms the basis for probable cause, the Fourth Amendment requires the court to conduct a hearing at the defendant's request. United States v. Searcy, 181 F.3d 975,

980 n.6 (8th Cir. 1999). If the defendant presents no proof that the affiant lied or recklessly disregarded the truth, the court is not required to conduct a hearing. United States v. Mathison, 157 F.3d 541, 548 (8th Cir. 1998).

In his affidavit in support of the third search warrant, Agent Pfennig stated the first search warrant authorized the seizure of three computers and authorized the BCI to conduct an analysis of the computers. Gleich contends these statements were deliberately or recklessly false, relating back to his previous argument the first warrant authorized the search and seizure of only one computer. Contrary to his contention, as mentioned in the preceding paragraphs, Pfennig's statements were in fact accurate, thus these statements accurately reflected the scope of the first search. The district court therefore correctly found Gleich failed to make a showing of Pfennig having made deliberately or recklessly false statements.

III

We now turn to the claim of error at sentencing and hold the district court erred in applying the five-level enhancement for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor under § 2G2.2(b)(4). Section 2G2.2(b)(4) provides for a five-level enhancement to a guideline "if the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." A "pattern of activity" is defined as "any combination of two or more separate instances of sexual abuse or sexual exploitation of a minor by the defendant." § 2G2.2(b)(4) cmt. n.1. The district court correctly found an incident of physical contact between the minor and Gleich constituted one instance of sexual abuse or exploitation. See United States v. Pharis, 176 F.3d 434, 436-37 (8th Cir. 1999) (discussing physical sexual contact as sexual abuse or exploitation). The district court, however, incorrectly found an incident involving the defendant taking a "mooning" picture of the minor and transmitting it over the Internet constituted a second instance of sexual

abuse or exploitation. The "mooning" picture at issue did not constitute an instance of sexual exploitation because taking pictures of a non-pubic area such as the buttocks does not meet the definition of "sexually explicit conduct." Thus, the record shows this defendant committed only one instance of sexual abuse or exploitation and this one instance does not rise to the level of a pattern.

We will explain further. Application Note 1 of § 2G2.2 defines "sexual abuse or exploitation" as:

> conduct constituting criminal sexual abuse of a minor, sexual exploitation of a minor, abusive sexual contact of a minor, any similar offense under state law, or an attempt or conspiracy to commit any of the above offenses. 'Sexual abuse or exploitation' does not include trafficking in material related to the sexual abuse or exploitation of a minor.

§ 2G2.2 cmt. n.1. Here, there are no allegations the taking of the mooning picture constituted criminal sexual abuse or abusive sexual contact, thus we are exclusively concerned with the question whether the conduct constituted "sexual exploitation."

The federal crime of sexual exploitation of a minor prohibits any person from employing, using, persuading, inducing, enticing or coercing any minor to intentionally engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct. 18 U.S.C. § 2251(a) (emphasis added). Thus, by its very terms, the crime of sexual exploitation requires the photographs to depict sexually explicit conduct. Pharis, 176 F.3d at 436-37. The United States Code defines "sexually explicit conduct" as "sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious

exhibition of genitals or pubic area of any person."[4]   18 U.S.C. § 2256(2)(A) (emphasis added).  Because the partial buttocks exhibited in the mooning picture is not of genitals or of a pubic area and because the conduct does not otherwise meet the definition of sexually explicit conduct, the district court erred in applying § 2G2.2(b)(4).[5]

The government does not aggressively contest the issue of the buttocks not being part of the genital or pubic region.  Rather, its argument centers around Gleich's conduct which allegedly met the definition of attempted sexual exploitation of a minor.  According to the government, the record shows the defendant wanted the child to show more than his buttocks so he could send the pictures to an accomplice over the Internet.  This attempt to get the child to show more, argues the government, is sufficient to satisfy the definition of attempted sexual exploitation of a minor. Upon our independent review of the transcript, we do not believe the record supports the government's contention.  The transcript indicates the defendant wanted to see more of the child's buttocks, nothing more. (Tr. at 22.)  His conduct in requesting to see more buttocks, disturbing as it may be, does not meet the definition of attempted sexual exploitation of a minor because, as mentioned, the buttocks is not a pubic region. Thus, the district court erred in applying the five-level enhancement pursuant to § 2G2.2(b)(4) because the record does not reflect that Gleich committed two or more instances of sexual abuse or sexual exploitation of a minor.

---

[4]Application Note 1 of § 2G2.2 cross-references the definition of sexually explicit conduct in 18 U.S.C. § 2256.

[5]Schmidt's Attorney's Dictionary of Medicine defines pubic as "pertaining to, or located in, the region of sex organs (which is also the region of the pubic bones) or pertaining to the pubic bone(s)."  The "pubic bone" is defined as "same as pubis, the front part of the hipbone, which with its fellow bone of the opposite side forms the bony arch at the lower part of the abdomen."  P-518 (Release 37, Dec. 2003).

## IV

Accordingly, we affirm the judgment of the district court on the suppression issues, but we vacate the sentence and remand for resentencing consistent with this opinion. Upon resentencing, the district court shall apply the advisory guideline regime outlined in United States v. Booker, 543 U.S. ___ (2005) ("The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing.").

_____