**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 08-4111**

———————————

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　　v.

TIMOTHY ANDREW FUGIT,

　　　　　Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.　Jerome B. Friedman, District Judge.　(4:07-cr-00065-JBF-JEB-1)

———————————

Submitted:　September 15, 2008　　Decided:　October 14, 2008

———————————

Before WILKINSON, MICHAEL, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

James O. Broccoletti, ZOBY & BROCCOLETTI, P.C., Norfolk, Virginia, for Appellant.　Chuck Rosenberg, United States Attorney, Lisa R. McKeel, Assistant United States Attorney, Newport News, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Andrew Fugit pled guilty to distribution of child pornography in violation of 18 U.S.C.A. § 2252A(a)(2) (West Supp. 2008) (Count One), and coercion or enticement, 18 U.S.C.A. § 2422(b) (West Supp. 2008) (Count Two). He was sentenced to a term of 310 months imprisonment. Fugit appeals his sentence, arguing that (1) the district court erred in making two-level enhancements for distribution and use of a computer, U.S. Sentencing Guidelines Manual § 2G2.2(b)(3)(F), (b)(6) (2007); (2) the district court erred in making a five-level enhancement for engaging in a pattern of behavior involving sexual abuse or exploitation of a minor, USSG § 2G2.2(b)(5); and (3) the sentence was unreasonable. We affirm.

Fugit first maintains that the base offense level set out in § 2G2.2 accounted for his distribution of child pornography and use of a computer to do so because those two actions were charged in the indictment. Therefore, he argues that the enhancements amounted to impermissible double counting. The district court's interpretation of a guideline is reviewed de novo. See United States v. Kinter, 235 F.3d 192, 195 (4th Cir. 2000) (issue that turns primarily on legal interpretation of guidelines is reviewed de novo); see also United States v. Butner, 277 F.3d 481, 488 (4th Cir. 2002) (where facts not contested, issue is legal one and review is de novo).

2

Double counting of sentencing factors is generally permitted under the guidelines unless expressly prohibited. United States v. Reevey, 364 F.3d 151, 158-60 (4th Cir. 2004). Here, the district court correctly noted that § 2G2.2, the base offense level applicable to the offense of conviction, did not account for Fugit's distribution of child pornography or his use of a computer because § 2G2.2 covers many different offenses, a number of which could be committed without distribution or use of a computer. The guideline accounts for the particular acts a defendant has committed by means of the specific offense characteristics enhancements set out in § 2G2.2(b). Therefore, no double counting occurred.

The district court's determination that Fugit engaged in a pattern of activity involving sexual abuse or exploitation of a minor is also a legal issue which is reviewed de novo. Kinter, 235 F.3d at 195. Fugit contends that his history of computer chats and prior telephone calls to minors does not constitute "sexual abuse or exploitation" as defined in Application Note 1. He argues that, apart from the count of coercion and enticement in violation of 18 U.S.C. § 2422 to which he pled guilty, none of the conduct described in the presentence report falls within any of the statutes listed in Application Note 1, and that the district court erred in so finding. (Appellant's Br. at 27). He relies on United States v. Pharis, 176 F.3d 434, 436 (8th Cir. 1999), which held

that four obscene telephone calls to young girls and a conviction for child molestation involving "exposure of [the defendant's] genital area to three female children on separate occasions" did not amount to sexual abuse or exploitation under the definition then contained in Application Note 1, which did not include coercion or enticement as described in 18 U.S.C. § 2422.

However, in 2004, Amendment 664 revised § 2G2.2 and its commentary. The definition of "sexual abuse or exploitation" in use when Fugit was sentenced includes conduct described in § 2422 (coercion or enticement), see USSG § 2G2.2, comment. (n.1), making Fugit's reliance on Pharis inapposite. In this case, the district court did not err in finding a pattern of activity involving sexual abuse or exploitation because the telephone call underlying the § 2422 count to which Fugit pled guilty was very similar to the prior computer chats and telephone calls that were the basis for the enhancement. Fugit's contention of error is thus without merit.

Last, Fugit contends that his sentence is greater than necessary and, therefore, unreasonable. A sentence is reviewed for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008). The appellate court must first determine whether the district court committed any "significant procedural error," Gall, 128 S. Ct. at 597, and then

4

consider the substantive reasonableness of the sentence, applying a presumption of reasonableness to a sentence within the guideline range. Go, 517 F.3d at 218; see also Gall, 128 S. Ct. at 597; Rita v. United States, 127 S. Ct. 2456 (2007) (upholding this court's presumption of reasonableness).

Fugit argues that the district court abused its discretion by imposing a sentence within the guideline range that was greater than necessary to reflect the seriousness of the offense and satisfy the sentencing goals. He claims that the court applied a presumption of reasonableness to the guideline sentence when it refused his request for a downward departure. The record does not support this claim. In fact, the court noted that Fugit had not shown any grounds for a downward departure and was thus not entitled to a departure. The court then observed that Fugit was really requesting a variance. The court considered whether a variance was warranted, and decided that it was not, stating that, "[a]lthough the defendant can make a compelling case that the guidelines as calculated for these types of offenses are draconian, . . . the facts in this particular case are, in my opinion, particularly egregious." The court discussed the details of the offense, said it had considered the positive facts in Fugit's history and the other § 3553(a) factors, and then concluded that a variance was not appropriate.

5

Fugit asserts that the court failed to consider adequately his history and characteristics, and that the guidelines for child pornography offenses overstate the seriousness of the offense and provide unjustly harsh sentences. He also asserts that the district court failed to consider adequately the need to avoid sentencing disparity among defendants convicted of similar conduct, as evidenced by four cases submitted to the court by Fugit in which lower sentences were imposed for child pornography offenses. Although the district court discussed the cases and distinguished them, Fugit argues that the court did not explain why a higher sentence was called for in his case.

However, "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." Rita, 127 S. Ct. at 2468. Fugit has not shown any procedural or substantive error in the sentence and we conclude that the sentence is reasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6