# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-3409
_____

United States of America

*Plaintiff - Appellee*

v.

Troy Wayne Davis

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: September 24, 2021
Filed: December 6, 2021
[Unpublished]
_____

Before SMITH, Chief Judge, GRUENDER and STRAS, Circuit Judges.
_____

PER CURIAM.

Troy Davis pleaded guilty to one count of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1), (b)(1). The district court[1] sentenced Davis

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

to 360 months' imprisonment. He appeals the sentence, arguing that the district court erred by (1) applying a five-level enhancement for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor under U.S.S.G. § 2G2.2(b)(5), and (2) increasing his statutory range for having prior convictions relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward under 18 U.S.C. § 2252A(b)(1). We affirm.

## I. *Background*

Davis pleaded guilty to two counts of lascivious acts with a child, in violation of Iowa Code § 709.8. As to the first count, Davis "solicit[ed] a child to engage in a sex act or fondled or touched the pubes or genitals of a child" on February 7, 1998. R. Doc. 76-1, at 1. And as to the second count, he did the same "between November 1997 and February 6, 1998." *Id*. at 2.

In February 2019, law enforcement received tips that Davis transmitted child pornography on the internet. Law enforcement executed a search warrant on Davis's residence in August 2019 and found private messages that he sent and received through his social media accounts. In one message exchange, when asked if he had ever had sexual intercourse with a child, Davis responded, "The youngest that I have had was 11[.]" R. Doc. 51, at 6. In another exchange, he sent child pornography to a user that he believed was 14 years old, and he asked the user to send him images of the user "in the nude from the front and back[.]" *Id*. In an interview during the execution of the search warrant, "Davis stated that the last time he asked for a nude photograph from a minor online was about a day ago[.]" *Id*. at 7. "Davis [also] indicated that he had solicited minors for sex via the internet" and that "[h]e thought that the most recent minor he solicited to travel to meet [him] for sex was a 15-year-old." *Id*.

A federal grand jury indicted Davis on three counts: (1) transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1), (b)(1); (2) receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), (b)(1); and (3) possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). Davis pleaded guilty to transportation of child pornography. At sentencing, the government dismissed the remaining charges.

Davis's presentence investigation report (PSR) recommended a five-level enhancement under U.S.S.G. § 2G2.2(b)(5) for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor based on the following: (1) his Iowa convictions, (2) his messages with the user that he believed was 14 years old, (3) his statement that "the last time he asked for a nude photograph from a minor online was about a day ago," and (4) his statement that "he had solicited minors for sex via the internet." R. Doc. 51, at 7.

The PSR also recommended increasing his statutory range to between 15 and 40 years' imprisonment under 18 U.S.C. § 2252A(b)(1) for having prior convictions relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward. Davis's statutory range, without the recommended increase, would have been between 5 and 20 years' imprisonment.

Davis objected, arguing that the record lacked proof of a pattern of activity and that his prior convictions did not qualify under § 2252A(b)(1). The district court disagreed, finding that the increased statutory range applied based on *United States v. Sonnenberg*, 556 F.3d 667 (8th Cir. 2009). It also found that Davis's Iowa convictions, taken together with unobjected-to PSR information, demonstrated a pattern of sexual abuse of a minor and that the sentencing enhancement applied.

With a criminal history category II and a total offense level of 42, the PSR calculated Davis's Guidelines range between 360 and 480 months' imprisonment. The district court sentenced Davis to 360 months' imprisonment. After pronouncing its sentence, the district court stated:

> To the extent that the [c]ourt has erred in determining that this defendant qualifies as someone who has engaged in a pattern of sexual abuse of a minor under the [G]uidelines, the [c]ourt would impose the same sentence based upon all of the 3553(a) factors if he did not qualify under 2G2.2(b)(5) for the reasons [the court has] stated on the record, including the nature of his prior actions in regards to attempting and actually engaging in hands-on sex offenses against children.

R. Doc. 81, at 32.

## II. *Discussion*

On appeal, Davis renews his objections to the § 2252A(b)(1) statutory-range increase and to the § 2G2.2(b)(5) five-level enhancement.

### A. *Statutory-Range Increase under 18 U.S.C. § 2252A(b)(1)*

Davis argues that the district court erred by increasing his statutory range based on his Iowa convictions because his convictions did not "relat[e] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252A(b)(1).

We review de novo his claim "that the district court erred in finding that his Iowa conviction[s] for lascivious acts with children triggered the enhanced sentencing range." *Sonnenberg*, 556 F.3d at 669.

*Sonnenberg* decides this issue. *Sonnenberg* held that a defendant's Iowa conviction for lascivious acts with a child categorically qualifies to increase his

sentencing range under § 2252(b)(1), which contains the same "relating to" language as § 2252A(b)(1). *See* 556 F.3d at 671. Davis asks this court to overrule *Sonnenberg*. We decline the request and follow *Sonnenberg*. *See United States v. Reynolds*, 116 F.3d 328, 329 (8th Cir. 1997) ("One panel may not overrule another."). The district court did not err by increasing Davis's statutory range.

### B. *Sentencing Enhancement under U.S.S.G. § 2G2.2(b)(5)*

To support enhancement of Davis's sentence under § 2G2.2(b)(5), the government relied on his two Iowa convictions for lascivious acts with a minor. Davis attacks use of those convictions as predicate offenses. He argues that the Iowa statute covers a broader range of conduct than the Guidelines. He maintains that even if his Iowa convictions qualify under § 2G2.2(b)(5), the government failed to prove that he engaged in two or more instances of sexual abuse or exploitation of a minor.

"We review the district court's application of the sentencing guidelines de novo and its factual findings for clear error." *United States v. Miller*, 511 F.3d 821, 823 (8th Cir. 2008). "Under the advisory Guidelines scheme, courts are required to find sentence-enhancing facts only by a preponderance of the evidence." *United States v. Lee*, 451 F.3d 914, 917 (8th Cir. 2006), *vacated on other grounds*, 552 U.S. 1090 (2008). "In sentencing, 'the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.'" *United States v. Pepper*, 747 F.3d 520, 524 (8th Cir. 2014) (quoting U.S.S.G. § 6A1.3).

A "'pattern of activity involving the sexual abuse or exploitation of a minor' means any combination of two or more separate instances" of the following: (1) conduct described in ten federal offenses, including coercion and enticement; (2) an offense under state law that would have qualified as one of the ten federal offenses

had it occurred within federal jurisdiction; or (3) an attempt or conspiracy to commit any of the aforementioned offenses. U.S.S.G. § 2G2.2, cmt. n.1.

Davis argues that the Iowa statute covers a broader range of conduct than the Guidelines covers because "the Iowa statute does not require direct skin contact like th[e] federal statutes do." Appellant's Br. at 17. Davis's argument is misplaced. To determine whether an individual has engaged in sexual abuse or exploitation of a minor, this court examines the defendant's specific offense conduct underlying a prior conviction, rather than the statute's range of conduct. *See United States v. Pharis*, 176 F.3d 434, 436–37 (8th Cir. 1999) (looking to the defendant's offense conduct—exposing his genital area to children—rather than the title of the statute violated—child molestation—in determining whether the defendant had engaged in sexual abuse or exploitation). Offense conduct that involves "physical sexual contact with [] children" constitutes sexual abuse of a minor. *Id.* (holding that the defendant did not engage in sexual abuse of a minor because he did not make physical contact with a child); *see also United States v. Gleich*, 397 F.3d 608, 614 (8th Cir. 2005) ("The district court correctly found an incident of physical contact between the minor and [the defendant] constituted one instance of sexual abuse or exploitation."). In both of his convictions, Davis either "fondled or touched the pubes or genitals of a child" or "solicited a child to engage in a sex act." R. Doc. 51, at 14. If he fondled or touched a child's pubes or genitals, he made physical sexual contact with a child and, therefore, he engaged in sexual abuse of a minor.

If Davis, however, "solicited a child to engage in a sex act," *id.*, the government argues that his offense would still be sexual abuse or exploitation. His solicitation would have been an offense under 18 U.S.C. § 2422(b) if the offense had occurred within federal jurisdiction. Section 2422(b) criminalizes "knowingly persuad[ing], induc[ing], entic[ing], or coerc[ing] any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so." The Iowa Code

-6-

defines solicitation as "command[ing], entreat[ing], or otherwise attempt[ing] to persuade the other person to commit a particular felony or aggravated misdemeanor." Iowa Code § 705.1. The federal and state statutes both proscribe the same conduct.

Davis next argues that even if his Iowa convictions qualify under § 2G2.2(b)(5), the government failed to establish that they involved separate instances of sexual abuse or exploitation of a minor. In *United States v. Chambers*, Chambers, similar to Davis, argued that the government failed to prove that he engaged in a pattern of activity. 878 F.3d 616, 621 (8th Cir. 2017). We held that "[t]he district court found by a preponderance of the evidence that Chambers sexually abused his niece on 'multiple occasions'" based on the victim's statements and Chambers's corroborating statement. *Id*. Here, there was also sufficient evidence for the district court to find that each conviction involved a separate instance of sexual abuse or exploitation. Davis's Iowa charging document stated that the offenses occurred on different dates.

Lastly, Davis argues that "[t]he information from the PSR also does not establish activity that rises to the level of sexual abuse or exploitation." Appellant's Br. at 17. He argues that his statement that "[t]he youngest that I have had was 11," R. Doc. 51, at 6, was too vague to establish an instance of sexual abuse or exploitation. The defendant in *United States v. Stewart* made the same argument about similar "chat room banter," but we held that the district court did not clearly err in finding that those statements were sufficiently reliable to support the pattern-of-activity sentencing enhancement. 462 F.3d 960, 963–64 (8th Cir. 2006). The district court did not clearly err by relying on Davis's statements in finding a pattern of activity.

The government contends that even if the district court erred by applying the enhancement, the error was harmless. "A procedural error does not require reversal if the [sentencing] court 'specifically identifies the contested issue and potentially

erroneous ruling, sets forth an alternative holding supported by the law and the record in the case, and adequately explains its alternative holding.'" *United States v. LaRoche*, 700 F.3d 363, 365 (8th Cir. 2012) (internal quotation marks omitted). The district court expressly stated that it "would impose the same sentence based upon all of the 3553(a) factors if [Davis] did not qualify under 2G2.2(b)(5)" due to "the nature of his prior actions in regards to attempting and actually engaging in hands-on sex offenses against children," R. Doc. 81, at 32, among other reasons. On this record, we hold that any error the district court may have committed with respect to § 2G2.2(b)(5) was harmless.

III. *Conclusion*

Accordingly, we affirm the district court.

_____