REVISED JUNE 29, 2000

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 99-50911
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUAN AGUSTIN ZAVALA-SUSTAITA,

Defendant - Appellant.

Appeal from the United States District Court
For the Western District of Texas

June 13, 2000

Before EMILIO M. GARZA, DeMOSS, and STEWART, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Juan Agustin Zavala-Sustaita ("Zavala") asks us to resolve a question of first impression in this circuit: whether sexual indecency with a child by exposure constitutes "sexual abuse of a minor" for purposes of the aggravated felony sentencing enhancement in Sentencing Guidelines § 2L1.2. Because we conclude that this offense is an aggravated felony, we affirm Zavala's sentence.

**I**

In 1990, Zavala pled guilty to two counts of indecency with a child in violation of Texas Penal Code § 21.11(a)(2). The counts were based on a single episode when he exposed himself in public and masturbated in front of a thirteen-year-old girl and a ten-year-old boy. He looked at the girl during the episode but he did not have physical contact with either child. Zavala received concurrent one-year sentences for the convictions, and he was deported later that year.

In 1999, Zavala pled guilty to the instant offense of illegal reentry after removal in violation of 8 U.S.C. § 1326. Citing Zavala's 1990 indecency convictions, the government argued that his § 1326 sentence should be enhanced because he had previously committed two "aggravated felonies." Zavala objected, arguing that a violation of Texas Penal Code § 21.11(a)(2) is not an aggravated felony. Finding that it was, the district court increased Zavala's offense level by sixteen points and sentenced him to seventy-seven months imprisonment.

Zavala now appeals the enhancement. The district court's characterization of Zavala's prior convictions is a question of law which we review *de novo*. *See United States v. Vasquez-Balandran*, 76 F.3d 648, 649 (5th Cir. 1996).

**II**

A defendant convicted of illegal reentry after removal is subject to a much longer sentence if he was previously removed "subsequent to a conviction for commission of an aggravated felony." 8 U.S.C. § 1326(b)(2) (pro viding for up to a twenty-year sentence for former aggravated felons, increased from the normal sentence of no more than two years). The Sentencing Guidelines implement this enhancement in § 2L1.2, which increases the base offense level for a § 1326 violation from eight to twenty-four "[i]f the defendant previously was deported after a criminal conviction .

. . for an aggravated felony."[1]  United States Sentencing Commission, *Guidelines Manual*, §

2L1.2(b)(1)(A) (1998) (providing a sixteen-level enhancement for aggravated felons).  The

commentary to § 2L1.2 defines the term "aggravated felony" by referencing 8 U.S.C. § 1101(a)(43).

*See id.* § 2L1.2 comment. (n.1).  Section 1101(a)(43), in turn, lists various offenses which constitute

aggravated felonies, one of which is at issue here:  (1) "murder, rape, or sexual abuse of a minor."

8 U.S.C. § 1101(a)(43)(A).[2]

Thus, to resolve whether Zavala's enhancement was proper, we must determine whether

Congress intended the phrase "sexual abuse of a minor" to include conduct punished under Texas

Penal Code § 21.11(a)(2).  In making this determination, we employ a categorical approach,

considering whether the elements of a § 21.11(a)(2) offense describe "sexual abuse of a minor" rather

than whether Zavala's specific conduct constituted "sexual abuse of a minor."  *See Lopez-Elias v.

Reno*, 209 F.3d 788, 791 (5th Cir. 2000); *cf. Taylor v. United States*, 495 U.S. 575, 599-602, 110 S.

Ct. 2143, 109 L. Ed. 2d 607 (1990) (looking to the statutory definition of an offense to determine

whether it was a "burglary" within the meaning of the Anti-Drug Abuse Act of 1986).     At the time

of Zavala's convictions, Texas Penal Code § 21.11(a)(2) punished someone who "exposes his anus

or any part of his genitals, knowing the child [under 17] is present, with intent to arouse or gratify

---

[1]     In Zavala's case, given his criminal history of VI, this increased his sentencing range (without other adjustments) from 18-24 months to 100-125 months.

[2]     The government also argues that indecency with a child is an aggravated felony by virtue of being "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment at [*sic*] least one year."  8 U.S.C. § 1101(a)(43)(F).  As we determine that Zavala's prior offense is an aggravated felony because it was "sexual abuse of a minor," we need not reach the government's alternative argument.

the sexual desire of any person." Tex. Penal Code § 21.11(a)(2).[3] We therefore consider whether

a person convicted of (1) exposing himself to a minor, (2) knowing that the minor is present, (3) with

the intent to arouse or gratify anyone's sexual desire, has committed "sexual abuse of a minor."[4] *See*

Tex. Penal Code § 21.11(a)(2) (defining the offense); *Johnson v. Texas*, 967 S.W.2d 848, 850 (Tex.

Crim. App. 1998) (stating that the defendant need only know the child is present, not what the child's

age is); *McKenzie v. Texas*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981) (stating that the "requisite

specific intent to arouse or gratify the sexual desire of any person can be inferred from the defendant's

conduct, his remarks and all surrounding circumstances").

Our starting point is the language Congress employed in § 1101(a)(43)(A). *See Lara v.*

*Cinemark USA, Inc.*, 207 F.3d 783, 787 (5th Cir. 2000) ("In interpreting a statute or regulation, we

first look to the statute or regulation's plain language."); *United States v. Baron-Medina*, 187 F.3d

1144, 1146 (9th Cir. 1999) (applying a "common meaning" reading of the phrase "sexual abuse of a

minor" in § 1101(a)(43)(A)). We "properly assume, absent sufficient indication to the contrary, that

---

[3] By contrast, § 21.11(a)(1) punishes someone who actually "engages in sexual contact with the child." *Id.* § 21.11(a)(1). Whereas indecency by contact under § 21.11(a)(1) is a second degree felony, indecency by exposure under § 21.11(a)(2) is a third degree felony. *See id.* § 21.11(c) (formerly § 21.11(d)).

Had Zavala's prior offenses been § 21.11(a)(1) offenses involving physical contact, we would clearly treat them as aggravated felonies. In *United States v. Velazquez-Overa*, 100 F.3d 418 (5th Cir. 1996), we held "categorically that indecency with a child involving sexual contact, under Section 21.11(a)(1) of the Texas Penal Code, is a crime of violence within the meaning of 18 U.S.C. § 16(b). The offense is therefore an aggravated felony as defined in Section 2L1.2 of the Sentencing Guidelines." *Id.* at 422-23. We did not reach the question presented here, whether indecency with a child under § 21.11(a)(2) is an aggravated felony. *See id.* at 421 n.3 ("We are not called upon to decide and do not reach the question whether an offense of indecency with a child not involving sexual contact inherently involves a substantial risk of force.").

[4] These elements limit the conduct which will support an indecency conviction. *See, e.g.*, *Bermudez v. State*, 878 S.W.2d 227, 230 (Tex. App. 1994) (finding insufficient evidence to support an indecency conviction when the child only stated that she saw the defendant's "private parts"); *Castillo v. State*, 771 S.W.2d 239, 240-42 (Tex. App. 1989) (finding insufficient evidence that the defendant knew the child was present when the child testified that she saw the defendant walking around naked outside her house late at night; noting that "the record is devoid of any attention getting conduct by the appellant such as pointing, gesturing, playing with genitals, masturbating, smiling, laughing, beckoning, etc.").

Congress intends the words in its enactments to carry 'their ordinary, contemporary, common meaning.'" *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 388, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) (internal quotations omitted), *quoted in Matter of England*, 153 F.3d 232, 235 (5th Cir. 1998). If these words are unambiguous, we end our inquiry with them. *See Republic of Kazakhstan v. Biedermann Int'l*, 168 F.3d 880, 881 (5th Cir. 1999).

The best "ordinary, contemporary, common" reading of the phrase "sexual abuse of a minor" is that it encompasses a violation of Texas Penal Code § 21.11(a)(2). The victim of a § 21.11(a)(2) offense, "a child younger than 17 years," is clearly a "minor." Less clear is whether intentionally and knowingly exposing one's genitals to a minor for sexual arousal or gratification constitutes "sexual abuse." Considering each word in isolation, a § 21.11(a)(2) violation is clearly "sexual abuse." *The American Heritage Dictionary* defines sexual as "[o]f, pertaining to, affecting, or characteristic of sex, the sexes, or the sex organs and their functions," and it defines abuse as, *inter alia*, "[t]o use wrongly or improperly" or "[t]o hurt or injure by maltreatment." THE AMERICAN HERITAGE DICTIONARY 70, 1124 (2d College ed. 1982). A § 21.11(a)(2) violation is "sexual" because it must have sexual arousal or gratification as its purpose. It is abusive because it requires exposure with knowledge of the child's presence, thereby wrongly and improperly using the minor and thereby harming the minor. *Cf. Uribe v. Texas*, 7 S.W.3d 294, 297 (Tex. App. 1999, pet. ref'd 2000) ("The obvious intent of indecency laws is to protect children."); *California v. Stoddard*, 227 Cal. App. 2d 40, 41-42 (1964) (upholding a commitment order against a person who was predisposed to commit indecent exposure to girls with "no likelihood of physical contact with them," because the resulting "threat of psychological trauma is quite as much a 'menace to the health or safety of others' as is probable physical injury").

Zavala argues that the phrase "sexual abuse" means something more limited than its constituent parts suggests; *i.e.*, that "sexual abuse" requires more than just some kind of "abuse" which is "sexual" in nature.[5] We conclude that any narrower definition of the phrase lacks support in reason or in the structure of § 1101(a)(43).

Zavala attempts to limit the phrase "sexual abuse of a minor" to abuse involving physical contact. Admittedly, in most cases, abuse involving physical contact will be more severe than abuse which involves no physical contact. However, reading "sexual abuse" as limited to abuse involving physical contact would exclude some clear acts of sexual abuse while including other arguably less abusive acts. A distinction that treats a stranger's brief groping of a child in a public shower as qualitatively more serious than the conduct of an adult who verbally forces a child to watch him repeatedly engage in sex acts is unjustifiable. Both acts are clearly forms of "sexual abuse" as that phrase is commonly understood. *See Baron-Medina*, 187 F.3d at 1147 ("The use of young children for the gratification of sexual desires constitutes an abuse."); *cf.* Arthur J. Lurigio, *et al.*, *Child Sexual Abuse: Its Causes, Consequences, and Implications for Probation Practice*, 59 FED. PROBATION 69, 69 (1995) ("Child sexual abuse is sexual behavior between children and adults with or without coercion or force.").

---

[5]     Zavala cites a definition of "sexual abuse" from *Black's Law Dictionary* which he argues supports a narrower reading: "Illegal sex acts performed against a minor by a parent, guardian, relative, or acquaintance." BLACK'S LAW DICTIONARY 1375 (6th ed. 1990). Putting aside this definition's requirement that there be some minimal relationship between the abuser and the abused, which would lead to an entirely implausible reading of the phrase "sexual abuse of a minor," *cf., e.g.*, Arthur J. Lurigio, *et al.*, *Child Sexual Abuse: Its Causes, Consequences, and Implications for Probation Practice*, 59 FED. PROBATION 69, 69 (1995) ("Victims and offenders may be relatives, acquaintances, or absolute strangers to each other."), this definition does not significantly help Zavala. The definition requires acts "performed against a minor," but this arguably encompasses exposure in the presence of a minor for the purpose of sexual gratification; the act is performed "against" the minor because it requires the minor's presence and the defendant's knowledge of the minor's presence. This reading is bolstered by the more expansive *Black's* definition of "child abuse," which would clearly cover a violation of Texas Penal Code § 21.11(a)(2): "Any form of cruelty to a child's physical, moral or mental well-being." *Id.* at 239.

Additionally, in many acts of sexual abuse involving physical contact, the psychological harm the child suffers equals or outweighs any physical injury. *Cf.* Lurigio, 59 FED. PROBATION at 70-71 (discussing studies detailing the psychological effects of child sexual abuse). The act is "abusive" because of the psychological harm inflicted irrespective of the presence of physical injury. Since psychological harm can occur without physical contact, a distinction based only on physical contact would miss the essential nature of "sexual abuse."[6]

More importantly, the structure of § 1101(a)(43) counsels against applying a narrow reading of the phrase. Congress used words—"sexual abuse of a minor"—which lack legal specificity, arguing against a technical legal meaning of the phrase. Congress grouped these words with the words "murder" and "rape,"[7] both generic terms which are traditionally defined under varied state rather than specific federal law. *See Baron-Medina*, 187 F.3d at 1146 (rejecting an attempt to incorporate a limited definition of "sexual abuse of a minor" into § 1101(a)(43)(A) from another part of the United States Code, in part for this reason).

Additionally, Congress did not expressly limit the meaning of "sexual abuse of a minor" in

---

[6]     Other efforts to provide a narrower definition of "sexual abuse" suffer similar problems. A definition limited to repeated contact would exclude, without good reason, single egregious acts of abuse which are clearly "sexual abuse." A definition limited (as is the case with the *Black's Law Dictionary* definition discussed above) by the relationship between the child and adult would lead to arbitrary distinctions punishing egregious crimes committed by acquaintances but not by strangers.

[7]     Zavala might argue that grouping "sexual abuse of a minor" with the very serious offenses of murder and rape indicates an intent to punish only comparably severe acts of sexual abuse. This argument would find no support in the rest of the statute, which includes numerous offenses within the definition of an "aggravated felony" which, while serious, are less severe than murder and rape. *Cf., e.g.*, *Lopez-Elias*, 209 F.3d at 792-93 (holding that burglary of a vehicle is an aggravated felony); *Ruiz-Romero v. Reno*, 205 F.3d 837, 840 (5th Cir. 2000) (concluding that illegally transporting aliens within the United States is an aggravated felony, even though the defendant never crossed the border); *United States v. Delgado-Enriquez*, 188 F.3d 592, 595 (5th Cir. 1999) (concluding that criminal trespass is an aggravated felony); *United States v. Santana-Castellano*, 74 F.3d 593, 595 (5th Cir. 1996) (noting that the defendant's prior conviction for importing 70 pounds of marijuana was an aggravated felony).

ways it employed in other parts of § 1101(a)(43). Specifically, Congress did not define "sexual abuse

of a minor" by expressly referencing other provisions of the United States Code, as it did in several

other parts of § 1101(a)(43).[8]  *See, e.g.*, 8 U.S.C. § 1101 (a)(43)(B) ("[I]llicit trafficking in a

controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as

defined in section 942(c) of Title 18) . . . ."); *id.* § 1101(a)(43)(F) ("[A] crime of violence (as defined

in section 16 of Title 18, but not including a purely political offense) for which the term of

imprisonment at [*sic*] least one year . . . ."); *id.* § 1101(a)(43)(P) ("[A]n offense (i) which either is

falsely making, forging, counterfeiting, mutilating, or altering a passport or instrument in violation

of section 1543 of Title 18, or is described in section 1546(a) of such title . . . ."). Nor did Congress

narrow the definition of "sexual abuse of a minor" by requiring a minimum sentence length, thereby

[8]     Zavala specifically urges us to adopt the definition of "sexual abuse of a minor" contained in 18 U.S.C. § 2243, which creates a federal offense of "sexual abuse of a minor or ward" and which premises that offense on physical contact. *See* 18 U.S.C. § 2243(a) (requiring a knowing "sexual act"); *id.* § 2246(2) (defining "sexual act" in terms of "contact," "penetration," or "intentional touching"). Given that "Congress must be presumed to have knowledge of its previous legislation when making new laws," *Garcia v. United States*, 88 F.3d 318, 334 (5th Cir. 1996) (Garza, J., concurring), and therefore must be presumed to have knowledge of § 2243, its failure to expressly reference this section when it did reference other sections suggests an intent to not incorporate § 2243's definition of sexual abuse into § 1101(a)(43)(A).

This conclusion is not unreasonable in light of the good reasons Congress might have had for adopting different definitions of "sexual abuse of a minor" in § 1101(a)(43)(A) and § 2243. The latter section creates a substantive federal offense, while the former attaches consequences, in the immigration context, to offenses already committed. *See, e.g.*, 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."); 8 U.S.C. § 1326. Congress could reasonably have determined that a narrow definition of the phrase "sexual abuse of a minor" was appropriate in creating a new substantive offense, whereas a more expansive definition was appropriate in determining what future consequences should attach to a previously-committed state or federal offense.

Additionally, "sexual abuse" is defined in broader ways in another part of the United States Code. In 18 U.S.C. § 3509, Congress defined sexual abuse as "includ[ing] the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children . . . ." This definition would seemingly cover an offense under Texas Penal Code § 21.11(a)(2), as this offense involves the "employment [and] use . . . of a child to . . . assist another person to engage in[] sexually explicit conduct." 18 U.S.C. § 3509(a)(9). Indeed, the Board of Immigration Appeals recently looked to this statute to determine that a § 21.11(a)(2) offense is an aggravated felony under § 1101(a)(43)(A). *See In re Rodriguez-Rodriguez*, Interim Decision (BIA) 341 (BIA 1999). Zavala offers no reason why, if we were to turn to another part of the United States Code for a definition of the phrase "sexual abuse of a minor," we would turn to § 2243 instead of the more broadly-worded § 3509.

ensuring the offense was of a sufficient severity. *See*, *e.g.*, 8 U.S.C. § 1101(a)(43)(G) ("[A] theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment at [*sic*] least one year . . . ."); *id.* § 1101(a)(43)(S) ("[A]n offense relating to obstruction of justice, perjury or subordination of perjury, or bribery of a witness, for which the term of imprisonment is at least one year . . . ."). Congress's decision to eschew limits like these in § 1101(a)(43)(A) strongly suggests an intent to give a broad meaning to "sexual abuse of a minor." *Cf. Gozlon-Peretz v. United States*, 498 U.S. 395, 404, 111 S. Ct. 840, 112 L. Ed. 2d 919 (1991) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (quotations omitted and alteration in original); *United States v. Preston*, 209 F.3d 783, 784 (5th Cir. 2000) (holding that the absence of an effective date for certain parts of an Act, when Congress had expressly stated an effective date for other parts of the Act, indicates that the unspecified portions of the Act became effective on passage).[9]

In sum, we conclude that because a violation of Texas Penal Code § 21.11(a)(2) is "sexual abuse of a minor," the district court properly enhanced Zavala's sentence based on his prior

---

[9]     We note that the Eighth Circuit recently looked to 18 U.S.C. § 2243 to give content to Sentencing Guideline § 2G2.2(b)(4), which creates an enhancement for a child pornography trafficker who previously engaged in "sexual abuse or exploitation of a minor." *See United States v. Pharis*, 176 F.3d 434, 436 (8th Cir. 1999). Doing this, the Eighth Circuit held that a trafficker's prior convictions for obscene phone calls and exposure could not be used to enhance his sentence because they did not involve "sexual abuse or exploitation of a minor." *See id.* at 436-37. Zavala argues that this case favors his position because it limited the definition of sexual abuse to conduct involving "physical sexual contact." *Id.*

*Pharis* does not apply here. Section 2G2.2 contains a detailed definition of "sexual abuse or exploitation." USSG § 2G2.2 comment. (n.1). The Eighth Circuit interpreted this definition narrowly after finding that it tracked various statutory titles in 18 U.S.C. §§ 2241-46, 2251. *See Pharis*, 176 F.3d at 436. As noted above, even if we were persuaded to follow *Pharis*, we are not persuaded that Congress intended to adopt § 2243's definition of "sexual abuse of a minor" in § 1101(a)(43)(A).

convictions.[10] This conclusion is based on the clear language of § 1101(a)(43)(A), the nature of a § 21.11(a)(2) offense, and the lack of authority supporting a contrary view.[11] This conclusion also finds support in the decisions of the only other tribunals which appear to have addressed this question. *See Baron-Medina*, 187 F.3d at 1146; *In re Rodriguez-Rodriguez*, Interim Decision (BIA) 3411 (BIA 1999). In *Baron-Medina*, the Ninth Circuit was faced with the question of whether a prior conviction under California's statute punishing lewd acts against children was "sexual abuse of a minor" and therefore an aggravated felony. The court noted that, although the statute required some kind of physical touching, California courts had interpreted the statute to cover a defendant's verbal inducement of a child to touch him or herself or to cover "innocuous touching, innocently and warmly received, . . . if effected with lewd intent." 187 F.3d at 1147. Stating broadly that "[t]he use of young children for the gratification of sexual desires constitutes an abuse," the court held that the prior conviction was an aggravated felony. *Id.* Similarly, in *Rodriguez-Rodriguez*, the BIA addressed the exact issue presented here, determining (over two dissents) that a violation of Texas Penal Code § 21.11(a)(2) is an aggravated felony. *See Rodriguez-Rodriguez*, Interim Decision (BIA) 3411.

**III**

---

[10] We note that, although this is not necessary to our disposition, any harshness that our holding might give rise to in future cases is obviated by the district court's discretion to depart downward if it finds that the aggravated felony is not sufficiently severe. *See* USSG § 2L1.2 comment. (n.5). This discretion will allow district courts to effect Congress's intent to punish harshly offenders who previously sexually abused minors while allowing the courts to depart in rare circumstances where the full aggravated felony enhancement is not warranted by the prior offense.

[11] Because we find that the phrase "sexual abuse of a minor" is not ambiguous, we reject Zavala's argument that we should read the phrase narrowly under the rule of lenity. This rule applies only when "a reasonable doubt persists about a statute's intended scope even after resort to the language and structure, legislative history, and motivating policies of the statute." *Moskal v. United States*, 498 U.S. 103, 108, 111 S. Ct. 461, 112 L. Ed. 2d 449 (1990) (internal quotations omitted). We conclude here that § 1101(a)(43)(A) is not ambiguous. "Where Congress has manifested its intention, we may not manufacture ambiguity in order to defeat that intent." *Bifulco v. United States*, 447 U.S. 381, 387, 100 S. Ct. 2247, 65 L. Ed. 2d 205 (1980).

We conclude that the district court properly enhanced Zavala's sentence under Sentencing Guidelines § 2L1.2(b)(1)(A).  Accordingly, we AFFIRM.