United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20496
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NOE NINO-JARAMILLO,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-572-ALL
---------------------

Before GARWOOD, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:*

Noe Nino-Jaramillo appeals his guilty-plea conviction and

sentence for violating 8 U.S.C. § 1326(a) and (b)(2) by being

found in the United States without permission, following

deportation.  Citing Apprendi v. New Jersey, 530 U.S. 466 (2000),

Nino-Jaramillo challenges as unconstitutional § 1326(b)'s

treatment of prior felony and aggravated felony convictions as

sentencing factors rather than elements of the offense.  Nino-

Jaramillo's constitutional challenge is foreclosed by

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).
Although Nino-Jaramillo contends that Almendarez-Torres was
incorrectly decided and that a majority of the Supreme Court
would overrule Almendarez-Torres in light of Apprendi, we have
repeatedly rejected such arguments on the basis that
Almendarez-Torres remains binding. See United States v.
Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126
S. Ct. 298 (2005). Nino-Jaramillo properly concedes that his
argument is foreclosed in light of Almendarez-Torres and circuit
precedent, but he raises it here to preserve it for further
review.

For the first time on appeal, Nino-Jaramillo argues that the
district court erred by enhancing his sentence pursuant to
§ 2L1.2(b)(1)(A)(ii)(2004) based on its determination that his
1991 conviction under TEX. PENAL CODE § 21.11(a) for indecency with
a child was a crime of violence. A "crime of violence" for
purposes of § 2L1.2(b)(1)(A)(ii) is defined to include "sexual
abuse of a minor." See § 2L1.2, comment. (n.1(B)(iii)).
However, Nino-Jaramillo argues that his conviction under
§ 21.11(a) did not constitute "sexual abuse of a minor," because
the victim of an offense under § 21.11(a) can be as old as a day
under seventeen and such an individual would not fall under the
generic, contemporary meaning of the term minor as it is used in
the vast majority of statutes proscribing sexual activity with or
against persons below a certain age.

In <u>United States v. Zavala-Sustaita</u>, 214 F.3d 601, 604 (5th Cir. 2000), this court held that the victim of a § 21.11(a)(2) offense, "'a child younger than 17 years,'" is clearly a "'minor.'"  It also held that a violation of § 21.11(a)(2) was "sexual abuse of a minor" as that term is used in its "ordinary, contemporary, [and] common" meaning.  <u>Id.</u> at 604-05.  Although it is unclear whether Nino-Jaramillo was convicted under § 21.11(a)(1) or (2) and the <u>Zavala-Sustaita</u> court reviewed an enhancement imposed under a previous version of § 2L1.2, its reasoning is dispositive in this case.  Nino-Jaramillo has not shown error, plain or otherwise.  <u>United States v. Cotton</u>, 535 U.S. 625, 631-32 (2002).

The judgment of the district court is AFFIRMED.