United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40227
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ELIO GUERRERO-DELGADO, also known as Elio Delgado, also
known as Aurelio Garcia-Lopez,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-853
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Elio Guerrero-Delgado ("Guerrero") appeals his guilty-plea

conviction and sentence for violating 8 U.S.C. § 1326(a) and

(b) by re-entering the United States without permission after

having been convicted of an aggravated felony and deported.

    For the first time on appeal, Guerrero argues that the

district court erred by enhancing his sentence pursuant to

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2L1.2(b)(1)(A)(ii) (2004) based on its determination that his 1995 conviction under TEX. PENAL CODE § 21.11(a)(1) for indecency with a child was a crime of violence. In United States v. Zavala-Sustaita, 214 F.3d 601, 604 (5th Cir. 2000), this court held that the victim of a § 21.11(a)(2) offense, "'a child younger than 17 years,' is clearly a 'minor.'" It also held that a violation of § 21.11(a)(2) was "sexual abuse of a minor" as that term is used in its "ordinary, contemporary, [and] common" meaning." Id. at 604-05. Although Guerrero was convicted under § 21.11(a)(1), the language in § 21.11(a) addressing the age of a victim applies to both subsections (a)(1) and (a)(2), and the Zavala-Sustaita court's holding is therefore dispositive of this case. See § 21.11(a). In addition, although Zavala-Sustaita involved an enhancement imposed under a previous version of § 2L1.2, its reasoning remains sound law and is applicable here. See United States v. Izaguirre-Flores, 405 F.3d 270, 273-75 (5th Cir.) (quoting Zavala-Sustaita, 214 F.3d at 604), cert. denied, 126 S. Ct. 253 (2005). Guerrero has not shown error, plain or otherwise. United States v. Cotton, 535 U.S. 625, 631-32 (2005).

Guerrero also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the

offense that must be found by a jury, in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  The Government disagrees and further asserts that Guerrero lacks standing to challenge the constitutionality of § 1326(b).

Because Guerrero would be entitled to a lesser sentence if his constitutional challenge were successful, he has standing.  <u>See</u> <u>Henderson v. Stalder</u>, 287 F.3d 374, 380 (5th Cir. 2002).  However, Guerrero's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).  Although he contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Guerrero properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.