United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 30, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-61021
Summary Calendar

LUIS ALVARADO-NARVAEZ,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A11 394 003
--------------------

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

    Luis Alvarado-Narvaez petitions for review of an order of
the Board of Immigration Appeals (BIA). Alvarado-Narvaez argues
that the BIA erred by holding, contrary to the conclusion of the
immigration judge (IJ), that his conviction under TEX. PENAL CODE
§ 21.11(a)(1) was an aggravated felony. This court lacks
jurisdiction to consider petitions for review filed by aliens who
are ordered removed based on the commission of an aggravated
felony. See U.S.C. § 1252(a)(2)(C). Nevertheless, this court
does retain jurisdiction to review the issue whether Alvarado-

--------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Narvaez's conviction constitutes an aggravated felony for immigration purposes. Omari v. Gonzales, 419 F.3d 303, 306 (5th Cir. 2005).

Alvarado-Narvaez has not shown that the BIA erred by finding that his conviction for indecent contact with a minor, under TEX. PENAL CODE § 21.11(a)(1), constitutes "sexual abuse of a minor," under 8 U.S.C. § 1101(a)(43)(A). In United States v. Zavala-Sustaita, 214 F.3d 601 (5th Cir. 2000), this court found that the lesser offense of indecent exposure with a minor, under TEX. PENAL CODE § 21.11(a)(2), constituted "sexual abuse of a minor." Id. at 604. We went on to state, "[h]ad [the petitioner]'s prior offenses been § 21.11(a)(1) offenses involving physical contact, we would clearly treat them as aggravated felonies." Id. at 604 n. 1. Consequently, Alvarado-Narvaez's petition for review is DISMISSED for want of jurisdiction to the extent that he seeks review of the BIA's determination that he should be removed due to his commission of an aggravated felony.

Alvarado-Narvaez also argues that the BIA acted ultra vires by ordering him removed in the first instance. We have jurisdiction to consider this issue. See James v. Gonzales, 464 F.3d 505, 512-14 (5th Cir. 2006). Alvarado-Narvaez is correct insofar as he argues that the BIA should not have issued a removal order but should have remanded his case to the IJ for further consideration. See id. Accordingly, to the extent that he challenges the BIA's authority to issue an order of removal

against him, his petition for review is GRANTED, and the case is REMANDED to the BIA for further proceedings consistent with this opinion.  Because Alvarado-Narvaez has prevailed on this argument, there is no need to consider his remaining challenges to the order of removal.