**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Felix FLORES–MORALES, also known as Felix Morales, also known as Alfonso Castro, Defendant–Appellant.**

No. 05–21089
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 2006.

Thomas Irving Meehan, Jr., James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM: *

Felix Flores–Morales appeals his guilty plea conviction and sentence for illegal reentry into the United States after deportation following an aggravated felony in violation of 8 U.S.C. § 1326(a) & (b)(2). He argues that the district court erred in enhancing his sentence by 16 levels under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his 1995 Texas conviction for sexual assault of a child under TEX. PENAL CODE § 22.011(c)(1); he argues that the offense was not sexual abuse of a minor because the term "child" in the TEX. PENAL CODE § 22.011(a)(2)(A) & (c)(1) includes a person younger than 17. As Flores–Morales concedes, review is limited to plain error. *See United States v. Vega,* 332 F.3d 849, 852 n. 3 (5th Cir.2003). In view of this court's decision in *United States v. Zavala–Sustaita,* 214 F.3d 601, 604–08 (5th Cir.2000), Flores–Morales cannot establish that the district court's application of the § 2L1.2 enhancement was clear or obvious error. *See Vega,* 332 F.3d at 852 n. 3.

Flores–Morales challenges § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Flores–Morales's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Flores–Morales contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Flores–Morales acknowledges the Supreme Court's decision in *Almendarez–Torres,* but raises the issue to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.