United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 21, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10966
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARDO GERARDO GARCIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CR-71-ALL
--------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Leonardo Gerardo Garcia appeals his guilty-plea conviction
and sentence for violating 8 U.S.C. § 1326(a) and (b) by
illegally reentering the United States after being deported
following an aggravated felony conviction. Garcia claims the
district court erred, under the advisory Guidelines, by enhancing
his sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based upon
its determination that his 1995 convictions under TEX. PENAL CODE
§ 21.11(a) for indecency with a child were crimes of violence.
Garcia contends that his convictions under § 21.11(a)(2) did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constitute "sexual abuse of a minor" under § 2L1.2(b)(1)(A)(ii) because the Texas statute criminalizes consensual sex between minors of the same sex and sex between a 19-year old on the eve of his or her 20th birthday and a child two days shy of his or her 17th birthday.

The "sexual abuse of a minor" is a "crime of violence" under § 2L1.2(b)(1)(A)(ii).  United States v. Zavala-Sustaita, 214 F.3d 601 (5th Cir. 2000), held that a violation of § 21.11(a)(2) is "sexual abuse of a minor" as that term is used in its "ordinary, contemporary, [and] common meaning."  Although Zavala-Sustaita involved an enhancement imposed under a previous version of § 2L1.2, its reasoning remains sound law and is applicable here. See United States v. Izaguirre-Flores, 405 F.3d 270, 273-75 (5th Cir.) (quoting Zavala-Sustaita, 214 F.3d at 604), cert. denied, 126 S. Ct. 253 (2005)).  Accordingly, the district court did not err in enhancing Garcia's offense level pursuant to § 2L1.2(b)(1)(A)(ii).

Garcia also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors, rather than elements of the offense that must be found by a jury.  Garcia's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would now overrule Almendarez-Torres in light of Apprendi v.

New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Garcia concedes this claim is foreclosed by Almendarez-Torres and raises it here only to preserve it for further review.

AFFIRMED.