**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 30, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-41514
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JHEFRY GALINDO-VELASQUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 7:06-CR-433
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jhefry Galindo-Velasquez appeals his conviction of and sentence for illegal reentry. He claims the district court erred by enhancing his sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based upon its determination that his 2003 conviction under TEX.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

PENAL CODE § 21.11(a) for indecency with a child was a crime of violence.

The "sexual abuse of a minor" is a "crime of violence" under § 2L1.2(b)(1)(A)(ii). In United States v. Zavala-Sustaita, 214 F.3d 601 (5th Cir. 2000), we held that a violation of § 21.11(a)(2) is "sexual abuse of a minor" as that term is used in its "ordinary, contemporary, [and] common meaning." Although Zavala-Sustaita involved an enhancement imposed under a previous version of § 2L1.2, its reasoning remains sound law and is applicable here. See United States v. Izaguirre-Flores, 405 F.3d 270, 273-75 (5th Cir.) (quoting Zavala-Sustaita, 214 F.3d at 604), cert. denied, 126 S. Ct. 253 (2005)). Accordingly, the district court did not err in enhancing Galindo's offense level pursuant to § 2L1.2(b)(1)(A)(ii).

Galindo challenges the constitutionality of 8 U.S.C. § 1326(b)(1) and (2). That challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Galindo contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule it in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See Rangel-Reyes v. United States, 126 S. Ct. 2873 (2006); United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 546 U.S. 919 (2005). Galindo properly concedes that his argument is foreclosed in light of Almendarez-Torres and cir-

cuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.