# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 06-41264
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 4, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CARLOS IGNACIO MACIEL-PADILLA, also known as Carlos Maciel, also known as Carlos Ignacio Maciel-Padillo

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-1595-1

Before KING, HIGGINBOTHAM, and CLEMENT, Circuit Judges.
PER CURIAM:[*]

Carlos Ignacio Maciel-Padilla (Maciel) appeals his conviction and sentence for illegal reentry following deportation. Maciel argues that the district court erred by enhancing his sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based upon the determination that his 2004 conviction under TEX. PENAL CODE § 21.11(a) for attempted indecency with a child is a crime of violence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sexual abuse of a minor is an enumerated offense which qualifies as a crime of violence under § 2L1.2(b)(1)(A)(ii). *United States v. Zavala-Sustaita*, 214 F.3d 601, 604-05 (5th Cir. 2000), held that a violation of § 21.11(a) is sexual abuse of a minor as that term is used in its "ordinary, contemporary, [and] common meaning." As such, the district court did not err in applying the enhancement under § 2L1.2(b)(1)(A)(ii).

Maciel also challenges the constitutionality of 8 U.S.C. § 1326(b). Maciel's constitutional challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although Maciel contends that *Almendarez-Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez-Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding. See *United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir. 2005); see also *Rangel-Reyes v. United States*, 126 S. Ct. 2873 (2006); *United States v. Pineda-Arrellano*, 2007 U.S. App. LEXIS 16925 (5th Cir. July 17, 2007). Maciel properly concedes that his argument is foreclosed in light of *Almendarez-Torres* and circuit precedent, but he raises it here to preserve it for further review.

Accordingly, the judgment of the district court is AFFIRMED.