IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 12, 2007

Charles R. Fulbruge III
Clerk

No. 07-40030
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALONSO DOMINGUEZ-CASTORENA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:06-CR-827-ALL

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit
Judges.

PER CURIAM:[*]

Alonso Dominguez-Castorena (Dominguez) appeals his conviction and
sentence for being unlawfully present in the United States after having been
removed previously. Dominguez argues that the district court erred by
enhancing his sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based upon the
determination that his 2004 convictions under TEX. PENAL CODE § 21.11(a) for
indecency with a child were crimes of violence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Sexual abuse of a minor is an enumerated offense which qualifies as a crime of violence under § 2L1.2(b)(1)(A)(ii). United States v. Zavala-Sustaita, 214 F.3d 601, 604-05 (5th Cir. 2000), held that a violation of § 21.11(a) is sexual abuse of a minor as that term is used in its "ordinary, contemporary, [and] common meaning." As such, the district court did not plainly err in applying the enhancement under § 2L1.2(b)(1)(A)(ii).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Dominguez also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007).

Accordingly, the judgment of the district court is AFFIRMED.