IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2007

Charles R. Fulbruge III
Clerk

No. 05-41808

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RUBEN JAIME NUNEZ-VALENZUELA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-444

Before KING, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Having pled guilty, Ruben Jaime Nunez-Valenzuela challenges his 77-month sentence for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. Nunez challenges his sentence on two bases, including whether his prior state offense constitutes a crime of violence. AFFIRMED.

I.

In July 2005, Nunez was stopped by United States Border Patrol Agents in Robstown, Texas. After the Agents conducted an immigration check and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

questioned Nunez, they learned he had been previously deported and had illegally reentered the United States in June 2005.

Prior to that deportation, Nunez had been convicted in California state court of second-degree robbery. For the proceeding at hand, he pled guilty to being illegally present in the United States after deportation. The presentence investigation report (PSR) recommended a 16-level crime-of-violence enhancement based on the 1997 California robbery conviction. Because of the enhancement, he faced an advisory guidelines sentencing range of 77 to 96 months.

Nunez filed written objections to the PSR, asserting: the robbery conviction was not a crime of violence under the guidelines; and § 1326(b) is unconstitutional. For the former, he maintained the California statute was broader in definition than the generic, contemporary definition of robbery because the statute criminalized taking property by means of fear, as well as by force. At sentencing, the district court overruled Nunez' objections and sentenced him to 77-months' imprisonment.

## II.

Nunez contests his sentence. As he did in district court, he claims: the district court erred in classifying his California robbery conviction as a crime of violence (COV); and § 1326(b) is unconstitutional.

## A.

Even though the sentencing guidelines are advisory, United States v. Booker, 543 U.S. 220 (2005), for determining whether a sentence is reasonable, the interpretation and application of the guidelines are reviewed de novo. E.g., United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005); United States v.

Vargas-Duran, 356 F.3d 598, 602 (5th Cir. 2004) (en banc) (reviewing de novo whether an offense qualified as a COV under § 2L1.2). A district court's characterization of a prior offense is a question of law, reviewed de novo. See United States v. Santiesteban-Hernandez, 469 F.3d 376, 378 (5th Cir. 2006).

Guideline § 2L1.2 provides: the offense level for unlawfully entering or remaining in the United States shall be increased 16-levels if the defendant has a prior conviction for a COV. U.S.S.G. § 2L1.2(b)(1)(A)(ii). That section's commentary defines a COV as either any specific enumerated offense, including "robbery", or "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another". U.S.S.G. § 2L1.2, cmt. n.1(B)(iii).

For determining whether a state conviction constitutes an enumerated, but undefined, offense for purposes of the COV enhancement, the label employed by the state criminal code (here, second-degree robbery) is irrelevant. Santiesteban-Hernandez, 469 F.3d at 378. Instead, a "common sense approach" is employed. United States v. Izaguirre-Flores, 405 F.3d 270, 274 (5th Cir. 2005). Under this approach, our court determines whether a violation of the underlying statute constitutes the enumerated offense, as that offense is understood in its "ordinary, contemporary, [and] common meaning". Id. at 275 (alteration in original) (internal quotation marks omitted) (citing United States v. Zavala-Sustaita, 214 F.3d 601, 604 (5th Cir. 2000); United States v. Dominguez-Ochoa, 386 F.3d 639, 642-43 (5th Cir. 2004)). If the underlying "statute . . . encompasses prohibited behavior . . . not within the plain, ordinary meaning of the enumerated offense", the enhancement cannot be upheld on that basis; and we turn to whether it can be upheld on the alternative basis of the predicate

offense having as an element the use or threat of force against another person. Id. at 273, 276-77.

In some instances, an overly broad state statute with disjunctive statutory alternatives for violating the statute may be narrowed to one particular alternative by state-court documents, such as the charging instrument. See, e.g., United States v. Torres-Diaz, 438 F.3d 529, 534 (5th Cir.), cert denied, 547 U.S. 1012 (2006). The charging instrument for Nunez was read at sentencing for the conviction at issue. It states he "unlawfully and by means of force and fear [took] personal property from the person, possession and immediate presence of [the victim]". Following the charging instrument's being read at sentencing, Nunez did not dispute he pled guilty to this offense.

In short, the charging instrument tracked the below-quoted statutory force-and-fear language. This is the "standard practice" in California and does not require proof of both means of commission in order to sustain a conviction. See People v. Lopez, 29 Cal. Rptr. 3d 586, 604 (Cal. Ct. App. 2005). Therefore, the COV inquiry, in this instance, does not end with the charging instrument.

In Santiesteban-Hernandez, 469 F.3d at 379-80, our court addressed whether the Texas offense of robbery is a COV under § 2L1.2. This court noted the generic, contemporary meaning of an offense generally corresponds to the definition in a majority of the States' criminal codes; sources of meaning also include the Model Penal Code, treatises, federal and state law, dictionaries, and the Uniform Code of Military Justice. Id. at 379. Our court concluded: "the generic form of robbery may be thought of as aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving [immediate] danger to the person". Id. at 380 (emphasis added)

4

(alteration in original) (internal quotation marks omitted) (quoting WAYNE R. LAFAVE, 3 SUBSTANTIVE CRIMINAL LAW § 20.3 intro., (d)(2) (2d ed. 2003)). "The immediate danger element is what makes robbery deserving of greater punishment than that provided for larceny and extortion . . . ." Id. (internal quotation marks omitted). The court recognized the danger is inherently present by the taking of property by means of force or putting in fear. Id. at 380-81.

The California robbery statute proscribes "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear". CAL. PENAL CODE § 211. Fear is defined as either the "fear of an unlawful injury to the person or property of the person robbed" or "fear of an immediate and unlawful injury to the person or property of anyone in the company of the person robbed at the time of the robbery". Id. § 212.

Although Nunez maintains a conviction under the California robbery statute is not a COV because the statute criminalizes threats to property as well as persons, his assertion is based on a misunderstanding of the essential language of the statute defining robbery as a crime committed: directly against the victim or in his presence; and against his will. Id. As in Santiesteban-Hernandez, the California statute involves the misappropriation of property under circumstances involving danger to the person. 469 F.3d at 380. Regardless of how the robbery occurs, that danger is inherent in the criminal act. Thus, even when the statute is violated by placing the victim in fear of injury to property, the property has been misappropriated in circumstances "involving [immediate] danger to the person". Id. (alteration in original).

Such a reading of the statute is within the generic or contemporary meaning of robbery as understood by this court. See also United States v. McDougherty, 920 F.2d 569, 574 (9th Cir. 1990) (holding, under another guideline, California robbery under § 211 is a COV because, "'by its nature, [it] involves a substantial risk' that physical force may be used") (quoting 18 U.S.C. § 16(b)). Therefore, the COV enhancement was proper based on a conviction for robbery under § 211 of the California Penal Code. As a result, the district court properly calculated the advisory guidelines sentence and imposed a reasonable sentence. See United States v. Mares, 402 F.3d 511 (5th Cir. 2005).

B.

Nunez also maintains the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in the light of Apprendi v. New Jersey, 530 U.S. 466 (2000). This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), which held 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed, (Aug. 28, 2007) (No. 07-6202).

III.

For the foregoing reasons, the sentence is AFFIRMED.