# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-10708
Summary Calendar

UNITED STATES OF AMERICA,

　　　　　　　　　　　　　　Plaintiff-Appellee,

v.

LINO MESIA OCAMPO-MEJIA,

　　　　　　　　　　　　　　Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CR-389-ALL

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Lino Mesia Ocampo-Mejia (Ocampo) pleaded guilty to illegal reentry after deportation from the United States. He appeals his conviction and sentence.

Ocampo contends that the district court erred by relying on United States v. Aguirre-Villa, 460 F.3d 681, 683 (2006), for the proposition that sentence disparities caused by the existence of early disposition programs in some districts are not "unwarranted" under 18 U.S.C. § 3553(a)(6). He also contends

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Aguirre-Villa wrongly constrained the district court from deviating from the Guidelines based on a disagreement with guidelines policy. He asserts that Kimbrough v. United States, 128 S. Ct. 558, 573-74 (2007), overruled Aguirre-Villa by holding that courts are not prohibited from deviating from the Guidelines when they disagree with guidelines policies. Kimbrough did not overrule Aguirre-Villa because "Kimbrough addressed only a district court's discretion to vary from the Guidelines based on a disagreement with Guideline, not Congressional, policy." United States v. Gomez-Herrera, __F.3d__, 2008 WL 886091, *7 (5th Cir. 2008). Any sentencing disparity that results from the presence or absence of a fast track or early disposition program is intended by Congress and is therefore not "unwarranted." Id. at *6. This contention lacks merit.

Ocampo contends that his 1993 Texas conviction for indecency with a minor by exposure is not sexual abuse of a minor and thus not a crime of violence for the purpose of increasing his federal sentence. Indecency with a minor by exposure is sexual abuse of a minor. United States v. Zavala-Sustaita, 214 F.3d 601, 603-08 (5th Cir. 2000). The reasoning of Zavala-Sustaita remains sound, and that decision controls this case. See United States v. Najera-Najera, 519 F.3d 509, 512 n.2 (5th Cir. 2008).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Ocampo challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

Ocampo identifies no error in his conviction or sentence. The judgment of the district court is AFFIRMED.