HAYNES, Circuit Judge,
concurring in the judgment only:
I concur in the court’s judgment only. The majority opinion provides a fair view of the meaning of the word “minor.” Because Rodriguez does not challenge the “generic, contemporary meaning” of the phrase “sexual abuse,” the majority opinion properly does not opine on the complex questions related to that matter. See Maj. Op. at 549 n. 9; Graves Cone. Op. at 573.
I write separately because this case highlights the need for the Sentencing Commission to define “sexual abuse of a minor” — a crime with few common-law analogs. Against the backdrop of a patchwork of state laws on the subject, this guideline is singularly unhelpful. Other guidelines, such as the immediately preceding one, expressly define “minor.” See U.S.S.G. § 2L1.1 cmt. n. 1. Notably, those definitions vary from guideline to guideline. Compare id. (defining “minor” as someone under 16), with Maj. Op. at 550 n. 11 (citing guidelines that define “minor” as someone under 18). The guideline controlling here, however, is silent on that important subject — as well as on the meaning of “abuse” — despite categorizing as “crimes of violence” state-law offenses that depend explicitly on age and that encompass greatly varied conduct. See U.S.S.G. § 2L1.2(b)(l)(A)(ii) & cmt. n. l(B)(iii). We thus are left to puzzle over nebulous terms that can mean different things in different contexts, a result that frustrates our ability to provide even-handed treatment to similarly-situated, but geographically-diverse, defendants. See, e.g., Taylor v. United States, 495 U.S. 575, 590-92, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (discussing need for federal sentencing uniformity).
The Texas indeceney-with-a-ehild statute exemplifies the problems with having such federal definitional voids. See Texas Penal Code § 21.11(a); United States v. Najera-Najera, 519 F.3d 509 (5th Cir.2008); United States v. Zavala-Sustaita, 214 F.3d 601 (5th Cir.2000). That statute proscribes everything from otherwise consensual “petting” between teenagers to heinous acts of sexual exploitation.[1] Which of these should constitute “sexual abuse of a minor,” and thus a “crime of violence,” under § 2L1.2?
The guideline gives no “guidance,” and the majority opinion leaves the issue for another day. A common-sense, “plain-meaning” understanding of “abuse” would make one think only the latter. Our prec *569 edents, however, have treated both equally. See Najera-Najera, 519 F.3d at 511— 12 (holding that section 21.11(a)(1) prohibits conduct constituting “sexual abuse of a minor”); Zavala-Sustaita, 214 F.3d at 604-08 (same, for section 21.11(a)(2)).
As the Texas statute demonstrates, myriad offenses could fall under the broad rubric of “sexual abuse of a minor.” The states, of course, are free to criminalize a broad range of “sexual” conduct so long as they stay within federal constitutional bounds. But in deciding the propriety of a federal sentencing enhancement — a uniquely federal question — we must seek clarity and uniform treatment of similarly-situated defendants.[2] The problem presented here is that, because of the vast array of conduct that could be “sexual abuse of a minor,” “one size does not fit all.” Although a sixteen-level enhancement is too low for some of the more vile cases we see in this area, it is too high for others.
I recognize that district judges, like the highly-skilled judge here, can vary or depart from the Guidelines to capture case-specific nuances. The problem, however, remains that such conscientious jurists still must consider the Guidelines and their blunderbuss approach to this issue. See 18 U.S.C. 3553(a)(4). The district judge here clearly was troubled by that very point. This particular portion of this guideline needs defining or refining. I urge the Sentencing Commission to address this matter definitively.

. The statute prohibits, among other things, engaging in "sexual contact” with a "child,” defined as a person under the age of seventeen, although it provides an affirmative defense to those who are "not more than three years older than the victim and of the opposite sex.” Texas Penal Code § 21.11(a), (b)(1). "Sexual contact" extends to "any touching ..., including touching through clothing, of the anus, breast, or any part of the genitals of a child,” when done with the "intent to arouse or gratify the sexual desire of any person.” Id. § 21.11(c)(1) (emphasis added).

. We must also remember that federal sentencing is not an opportunity to resentence the defendant for a state crime. The state has already meted out a punishment it thought appropriate. Here, the Texas court sentenced Rodriguez to two years of imprisonment. The offense of conviction in federal court was illegal reentry, not a sexual crime.